IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MILES J. MILLER and )
EVELYN J. DEMARTINI, )
)
Plaintiffs, ) TC-MD 111063C
)
v. )
)
JACKSON COUNTY ASSESSOR, )
)
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's Notice of Value Change (Notice) dated September 22, 2011, (Notice), which added additional property value for tax years 2007-08 through 2010-11. The property in question is described in the Jackson County records as Account 10588801 (subject property). Trial in this matter was held at the Oregon Tax Court on August 8, 2012. Plaintiffs appeared on their behalf, with Plaintiff Evelyn DeMartini (DeMartini) testifying. Defendant was represented by Lorrie Williams (Williams), Farm/Forest Appraiser II, who testified for Defendant. Plaintiffs' Exhibits 1 through 10 and Defendant's Exhibits A through C were offered and received without objection.

I. STATEMENT OF FACTS

The subject property is a 15.73 acre parcel in an Exclusive Farm Use (EFU) zone, 14.73 acres of which were removed from farm use special assessment by Defendant. (Ptfs' Compl at 3.) Williams testified, and Plaintiffs agree, that a 1991 grant of special assessment on those acres was due to Defendant's error. (Ptfs' Pre-Trial Memo at 1.)

The subject property was apparently specially assessed as farm land for many years. In 1989, the prior owners of the subject property requested and received approval to erect a

nonfarm dwelling on the subject property. (Ptfs' Ex 1-1.) As part of that approval, the property was "excluded" (i.e., removed) from special assessment pursuant to ORS 215.236 (1987). (Ptfs' Ex 1-2.) Two years later, in 1991, Defendant approved the prior owners' application to requalify the subject property for special assessment. (Ptfs' Ex 2.) The property remained in special assessment for many years.

DeMartini testified that Plaintiffs purchased the subject property from an intermediary owner in September 2007. (*See also* Ptfs' Compl at 9.) DeMartini further testified that Plaintiffs have grown hay for sale on the disputed 14.73 acres the entire time since their purchase.

Williams testified that in 2011 the assessor's office discovered that the property had been erroneously granted farm use special assessment in 1991 due to "human error." Defendant initially sent Plaintiffs a notice dated August 12, 2011, disqualifying the property from farm use special assessment pursuant to ORS 308A.113(1)(a) (requiring the disqualification of property from farm use special assessment for land in an EFU zone "upon the discovery that the land is no longer being used as farmland"). (Ptfs' Ex 3-1.) Pursuant to that notice, Defendant applied a 10 year rollback tax in the amount of $8,032.12. (*Id*. at 3-2.)

Williams testified that Defendant subsequently changed its action to an ORS 311.205 "correction of any other kind," and imposed a four year "rollback tax," covering the years of Plaintiffs' ownership. Defendant sent Plaintiffs the Notice of that action, dated September 22, 2011. (Ptf's Ex 5.) By its Notice, Defendant "add[ed] additional property value to the assessment and tax roll" for tax years 2007-08 through 2010-11 because the "[l]and was erroneously specially assessed for farm use in an EFU zone." (*Id*.) The Notice then states that "[p]er planning, dwelling approval was for a non-farm dwelling." (*Id*.) Defendant's Notice did not change the real market value of the subject property appearing on the assessment and tax

rolls, but did increase the assessed value for each of those years by $96,228 (2007-08), $99,098 (2008-09), $102,048 (2009-10) and $105,079 (2010-11) because the erroneously granted special assessment had substantially reduced the property's assessed value. (*Id.*) The increases resulted in a total additional property tax of $4923.98. (*Id.*)

DeMartini testified that Plaintiffs agree that the subject property should be removed from special assessment. Plaintiffs object to paying additional taxes for four years of additional property value added to the assessment of the subject property. Defendant requests that the court uphold the prior years' revised values given in its Notice.

## II. ISSUES

The issues before the court are whether a county assessor is authorized under ORS 311.205[1] to correct its own error in granting special assessment to a property as a "clerical error," and whether a county assessor is permitted under Oregon Laws 2010, chapter 36, section 1 (Special Session)[2] to impose back taxes resulting from the correction of such an error.

## III. ANALYSIS

A.    *Correcting errors in the tax rolls under ORS 311.205*

A county's authority to correct an error in the tax roll varies with the type of error. ORS 311.205. A "clerical error" may be corrected at any time by the officer in charge of the roll. ORS 311.205(1)(a).[3] An "error in valuation judgment," on the other hand, may only be corrected if an appeal is pending before this court, and then only if the correction favors the

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009, all references to the Oregon Administrative Rules are to the current version.

[2] Amending ORS 311.206 with an effective date of May 27, 2010.

[3] There are *some* limitations to clerical error corrections. For example, they may only be made "[a]fter the assessor certifies the assessment and tax roll to the tax collector," and may be made for no more than five years prior to the last certified roll. ORS 311.205(1), (2)(a).

taxpayer. ORS 311.205(1)(b). Finally, the county is authorized to "correct any other error or omission of any kind" other than an error in valuation judgment. *Id*.; *See* OAR 150-311.205(1)(b)-(C).

An error in valuation judgment is one that involves the state of mind of the appraiser in determining value or forming an opinion of value. *See* OAR 150-311.205(1)(b)-(A). Examples of valuation judgment include the selection of appraisal methodology and the estimation of adjustments. OAR 150-311.205(1)(b)-(C)(1).

"Clerical errors," on the other hand, "are those procedural or recording errors which do not require the use of judgment or subjective decision making for their correction." OAR 150-311.205(1)(a)(1). Where an error is correctable "solely from the records of the assessor," it is a clerical error. OAR 150-311.205(1)(a)(3)(a), Example 1. The statute provides that clerical errors "include, but are not limited to arithmetic and copying errors, and the omission or misstatement of land, improvement or other property value on the roll." ORS 311.205(1)(a). The administrative rule includes other examples, such as placing the value of an improvement on the wrong tax lot, and overlooking a notation in the file showing that a property had been rezoned. OAR 150-311.205(1)(a)(3)(a).

"[O]there error[s] or omission[s] of any kind[,]" not involving valuation judgment, may be corrected without regard to whether the correction is favorable to the taxpayer. *See* ORS 311.205(1)(b). This catchall category ensures that all errors other than valuation judgment errors are correctable, even if the county records lack accurate information about the property. OAR 150.311.205(1)(b)-(C)(1). An example of an error of this type is the use of the wrong property classification due to a mistaken belief that a property is located outside of an EFU zone. OAR 150-311.205(1)(b)-(C)(1)(h).

Because an "error or omission of any kind" is correctable in the same way as a "clerical error," this court has occasionally used the latter term to encompass the former. *Smull Family Trust v. Polk County Assessor* (*Smull*), TC-MD No 090830B, WL 71931 at *2 n 3 (Jan 8, 2010). Therefore, a county assessor's error in failing to disqualify land from special assessment has been held to be a "clerical error" correctable under ORS 311.205. *Mark v. Dept. of Rev.* (*Mark*), 14 OTR 467, 475 (1998).

Wherever the assessor has authority to make a correction to the roll, such corrections "*may* be made * * * for any year or years not exceeding five years prior to the last roll so certified." ORS 311.205(2)(a) (emphasis added). By its use of the permissive "may" instead of the imperative "shall," the statute authorizes counties to use their discretion in assessing back taxes in any given case.

In the present case, Defendant has authority to correct the classification of the subject property as a clerical error because Defendant's records contain all the pertinent data. The parties allege that Defendant erred by requalifying the subject property for special assessment back in 1991, in violation of ORS 215.236(5) (1989). Because such an error involves the misapplication of the statute by the county assessor rather than an appraiser's state of mind, it is not an error in valuation judgment. Because the data necessary to correct the error was contained within Defendant's file, this was a clerical error. Defendant has authority under ORS 311.205 to correct all such errors for up to five years preceding the year of the current tax roll. ORS 311.205(2)(a).

B.   *The meaning of "tax exemption" under Oregon Laws 2010, chapter 36, section 1 (Special Session)*

Generally, additional taxes may be imposed on a property at the time its value in a prior year's roll is corrected. Or Laws 2010, ch 36, § 1 (Spec Sess). However, an exception to the

general rule prohibits a county from assessing and imposing additional taxes where the correction to the roll is made because of "[t]he disqualification of property from a tax exemption granted erroneously by a tax official[.]" *Id.*

In this case, Plaintiffs contend that a special assessment is a "tax exemption" under Oregon Laws 2010, chapter 36, section 1 (Special Session), and that as a consequence Defendant is prohibited from imposing back taxes on the subject property due to its admitted error in granting special assessment twenty years ago. (Ptfs' Pre-Trial Memo at 2.)

While it is true that special assessments and exemptions share important similarities, and may even be said to be related, they nevertheless remain distinct. *See Kalishman v. Dept. of Rev.* (K*alishman*), 8 OTR 440, 448 (1980) (special assessment statute "is a statute relating to a partial tax exemption"); *Smull*, TC-MD No 090830B , WL 71931 at *3 (Jan 8, 2010) (special assessment is "similar [to an exemption] in that it operates as an exception to the general rule of taxation," but is not an "exemption per se"). Where lawmaking bodies have intended a law to apply to both exemptions and special assessments, they have explicitly included both in the text of the law. *See*, *e.g.*, Or Const, Art XI, §11(1)(c)(E) (special rule applies where property "becomes disqualified from exemption, partial exemption or special assessment"); ORS 305.275(1)(a)(C) (acts of county assessor that may be appealed to this court include "the denial of a claim for exemption, the denial of special assessment under a special assessment statute, or the denial of a claim for cancellation of assessment").

Ordinary language demonstrates the conceptual distinction between an exemption and a special assessment. A thing is "exempt" when it is "released from some liability to which others are subject." *Webster's Third New Int'l Dictionary* 795 (unabridged ed 2002). The "special" in "special assessment" indicates that it is an assessment "designed or selected for a particular

purpose, occasion, or other end." *Id*. at 2186. This distinction is evidenced by the relevant statutory provisions prescribing a particular method for establishing the values for exclusive and nonexclusive farm use zone farmland that qualifies for special assessment. ORS 308A.092(1), (2). Thus, exemptions exclude property from taxation, whereas special assessments single out certain kinds of property for reduced taxes through lower assessed values.

The nature of the distinction between special assessments and property tax exemptions may be illustrated by Oregon's forestland taxation scheme, which includes both a special assessment of land and an exemption for growing timber:

> "Under [the western Oregon forestland special assessment] program, the value of the land is specially assessed for ad valorem tax purposes, with a taxable value well below market value, and an exemption provided for the value of the growing timber, on which a tax is imposed at the time of harvest. *See* ORS 321.262 (providing for special assessment of forestland in western Oregon); ORS 321.272 (exempting timber from ad valorem property taxation)."

*Evans v. Josephine County Assessor*, TC-MD No 110892C, WL 3027140 at *2 (July 25, 2012). Under the cited statutes, *land* used for the purpose of growing timber is assessed at a lower rate, and the *timber* growing on that land is excepted (i.e., exempt) from taxation altogether while it is growing.

In this case, the text of Oregon Laws 2010, chapter 36, section 1 (Special Session) does not include an exception for special assessments, and therefore it does not preclude Defendant from imposing back taxes. The court concludes that the term "tax exemption" is not intended to convey a broader meaning in this statute than it does elsewhere.

Under the facts of this case, Defendant's action is not prohibited by Oregon Laws 2010, chapter 36, section 1 (Special Session).

/ / /

/ / /

### III. CONCLUSION

After careful consideration, the court concludes that Defendant acted within its statutory authority in correcting the tax roll and imposing additional taxes on the subject property, Account 10588801, for tax years 2007-08 through 2010-11.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of November 2012.

 

_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on November 16, 2012. The Court filed and entered this Decision on November 16, 2012.*